UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| BOBBY HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0:22-cv-00017-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN LEMASTER, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

*** *** *** ***

Bobby Hunter is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Hunter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] That petition is now before this Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court has fully reviewed Hunter's petition but will deny his request for habeas relief at this time. That is because Hunter has not yet fully exhausted his administrative remedies regarding the matter raised in his petition, as required before seeking § 2241 habeas relief. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Indeed, Hunter makes it clear that he only pursued the matter in question by submitting a BP-8 Form to the appropriate prison official. [*See* R. 1 at 4.] That does not constitute full exhaustion.

Under the law, there is a multi-tiered administrative grievance process within the Federal Bureau of Prisons (BOP). If a matter cannot be resolved informally via the BP-8 Form, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the

prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully exhausted these administrative remedies, he may then file an action in federal court.

Here, it is clear from Hunter's submission that he has not yet fully completed the BOP's administrative grievance process. To be sure, Hunter alleges that he never received a response to his BP-8 Form and thus argues that his claim was "de-facto denied." [R. 1 at 4.] But even if Hunter's allegations are true, and prison officials did not respond to his BP-8 Form, federal regulations make it clear that an inmate may consider the absence of a response to be a denial at that level, permitting him to proceed to the next step in the process. *See* 28 C.F.R. § 542.18. In other words, even if Hunter's allegations are true, he may still continue with the administrative exhaustion process by completing and filing a BP-9 Form with the Warden and then, if necessary, continuing on with the remaining steps in the grievance process. Since Hunter has not yet done so, his present habeas petition is premature.

Accordingly, it is **ORDERED** as follows:

1. Hunter's current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice to his right to file a new action once he has fully exhausted his administrative remedies.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This the 1st day of March, 2022.

Gregory F. Van Tatenhove
United States District Judge